**James Francis JENKINS**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 36543.**

United States District Court
E..D. Pennsylvania.

Oct. 8, 1964.

James Francis Jenkins, pro se.

JOHN W. LORD, Jr., District Judge.

The order of denial of this Court in the applicant's preceding petition, Civil Action No. 36336, was "crossed in the mail", so to speak, by this present one—likewise under 28 U.S.C.A. § 2255. He says:

"* * * Upon reading this [certain] new pocket part your petitioner discovered the case of Caldwell v.

U. S. [92 U.S.App.D.C. 355], 205 F.2d 879 (1953) which in pertinent part states: Under Amendments 4, 5 * * * government agent's intrusion upon conferences between accused and his counsel *Invalidated Conviction* under 18 U.S.C.A. § 1503."

Mr. Jenkins has mentioned more than once in his petitions that for several years he has been studying federal law and procedure. And like the medical student who seems to recognize in himself the symptoms of the respective diseases to which his instructors introduce him, so this self-styled student-petitioner seems to discover, in his past dealings with the courts, the symptoms of every possible infirmity of which he learns in his explorations of the digests and cases.

Thus here, some 57 months (and nearly 57 petitions) after his sentencing on January 4, 1960, he realizes that he was prevented from proper consultation with his lawyer and his family by the presence of two United States deputy marshals at the time he was making his decision to change his plea from Not Guilty to Guilty. He seeks a hearing upon that ground under § 2255.

From the face of his petition one would not necessarily be aware that he has long since had a full and complete hearing, in open court on September 13, 1962, as provided by the section cited. Nevertheless, the notes of testimony of that hearing have once more been reviewed in the 170 pages of their entirety, in this present connection.

Although the petitioner has rung the changes upon every contention that he has ever, it seems, been able to discover in the decided cases, it appears that he has never before attempted the present variation. To have done so earlier would have been futile, however, since there is no scintilla or suggestion of evidence in the record which even tends in that direction. In the 170 pages of testimony in the 1962 hearing, nine witnesses testified. That number included the petitioner, the lawyer who represented him at the time of the 1960 plea, several

members of his family who were present and conferred with him at the time of the change of plea, and one of the marshals himself.

Not a word of thier testimony even remotely suggests that the custodial presence of the marshals at the respective doors of the conference room in any way hindered such discussion and deliberation. The prisoner had only recently been returned to custody after one escape, in which episode the four members of the family present at the conference had been implicated. (N.T. 42 et seq.) Yet the deputy marshal who testified apparently did not eavesdrop on the discussion (N.T. 95). All indications from the testimony, to the contrary, indicate that the five members of the Jenkins family then present were given ample freedom in their conclave; and that the marshals took no more custodial precautions than were indicated by the circumstances.

The late Garfield W. Levy, Esq., was counsel for the defendant at that time. Taking note of the vast experience and well known acuteness of that eminent practitioner of criminal law, the Court finds it impossible to believe that had there been the slightest impingement upon the petitioner's right to confer with counsel and family, counsel would not have made prompt protest. Yet none was made, nor was any suggested in the testimony of Mr. Levy at the 1962 hearing (N.T. 100–123).

■ Circumstances and testimony revealed by the record, all negativing this late-coming assertion, could be multiplied were it necessary. It must be emphasized, however, that petitioner in the first place has no right to raise this charge now, when he has already deluged this Court with a spate of petitions on other grounds for several years.

■ To put this matter at rest, however, this Court will make the following specific finding of fact, based on all the matters and things heretofore discussed:

That no agent of the United States in any way hindered or prevented James

Francis Jenkins from full and fair consultation with counsel, consideration and deliberation, and discussion between himself and his family of the pros and cons of a change of plea before his sentencing on January 4, 1960.

■ Other matters raised in the papers accompanying the petition and the letter which raises the foregoing "new" ground are without merit. In essence, citing propositions of law having to do with the right to prompt hearing in habeas corpus, they were simply expressions of impatience with this Court for failure to rule on his preceding petition with the promptness which petitioner has come to expect of this Court. That matter is now moot, however, since the filing of the order in No. 36336 on September 23, 1964.

■ As to the asserted legal propositions concerning prompt hearings on habeas corpus, however, the following may be said. Although § 2255 is the counterpart of habeas corpus, petitioner has already had his hearing thereon— having been brought from Alcatraz penitentiary in 1962 for that purpose. Since that day in court some two years ago, he has ever since been patiently heard on his numerous petitions.

■ Although the petition in question made reference to "leave to appeal" in Civil Action No. 36336, that request can scarcely be taken literally, since the order ruling thereon had not been filed at the time of such request. If it makes any difference, the leave to appeal in No. 36336 was furthermore, at petitioner's request, asserted in the present Civil Action No. 36543. In any event, but without prejudice to his right to appeal from the ruling in Civil Action No. 36336 which has since been filed, such leave is herein denied.

And now, this 8th day of October, A.D. 1964, for all the foregoing reasons, it is the ruling of this Court that the petition of James Francis Jenkins is hereby denied, and it is so ordered.